W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Petitioner-Appellee,

v.

LOCAL 191, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, Respondent-Appellant.

No. 413, Docket 28351.

United States Court of Appeals Second Circuit.

Argued July 16, 1963.

Decided July 26, 1963.

---

James O'Connor Shea, New Haven, Conn. (Norman Zolot, New Haven, Conn., on the brief), for respondent-appellant.

David J. McCarthy, Jr., Atty., Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Robert C. Zampano, U. S. Atty., Sherman L. Cohn, Atty., Dept. of Justice, Washington, D. C., on the brief), for petitioner-appellee.

Before LUMBARD, Chief Judge, and SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge.

This is an appeal from an order of the district court requiring appellant to comply with a subpoena duces tecum issued under authority of the Secretary of Labor as provided for in Section 601 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 521 (Supp. IV 1959–63). We find that the issuance of the subpoena was a proper exercise of the Secretary's power under Section 601 and therefore affirm the order of the district court.

The subpoena in question is incident to an investigation of an election of officers of the appellant union. Title IV of the Labor-Management Reporting and Disclosure Act regulates such elections (29 U.S.C. § 481 ff). Section 601 vests the Secretary of Labor with broad powers of investigation into violations of the Act. It provides:

"(a) The Secretary shall have power when he believes it necessary in order to determine whether any person has violated or is about to violate any provision of this Act (except Title I or amendments made by this Act to other statutes) to make an investigation and in connection therewith he may enter such

places and inspect such records and accounts and question such persons as he may deem necessary to enable him to determine the facts relative thereto. The Secretary may report to interested persons or officials concerning the facts required to be shown in any report required by this Act and concerning the reasons for failure or refusal to file such a report or any other matter which he deems to be appropriate as a result of such an investigation.

"(b) For the purpose of any investigation provided for in this Act, the provisions of sections 9 and 10 (relating to the attendance of witnesses and the production of books, papers and documents) of the Federal Trade Commission Act of September 16, 1914, as amended (15 U. S.C. 49, 50) are hereby made applicable to the jurisdiction, powers and duties of the Secretary or any officers designated by him."

On its face Section 601 gives the Secretary ample authority to conduct the investigation of the union election and to issue a subpoena *duces tecum* in connection with such investigation. Appellant argues, however, that the Secretary's power in this regard is limited by the provisions of Section 402 of the Act (29 U.S.C. § 482) which reads in relevant part as follows:

"(a) A member of a labor organization—(1) who has exhausted the remedies available under the constitution and bylaws of such organization and of any parent body, or (2) who has invoked such available remedies without obtaining a final decision within three calendar months after their invocation, may file a complaint with the Secretary within one calendar month thereafter alleging the violation of any provision of section 401 of this title (including violation of the constitution and bylaws of the labor organization pertaining to the election and removal of officers). The challenged election shall be presumed

valid pending a final decision thereon (as hereinafter provided) and in the interim the affairs of the organization shall be conducted by the officers elected or in such other manner as its constitution and bylaws may provide.

"(b) The Secretary shall investigate such complaint and, if he finds probable cause to believe that a violation of this title has occurred and has not been remedied, he shall, within sixty days after the filing of such complaint, bring a civil action against the labor organization as an entity in the district court of the United States in which such labor organization maintains its principal office to set aside the invalid election, if any, and to direct the conduct of an election or hearing and vote upon the removal of officers under the supervision of the Secretary and in accordance with the provisions of this title and such rules and regulations as the Secretary may prescribe. The court shall have power to take such action as it deems proper to preserve the assets of the labor organization."

Appellant would have us read Section 402 as limiting the scope of the investigation of an election under Section 601 to a situation in which an individual has filed a complaint and to the area which is the subject of such complaint. Applying this theory of the statute to the present case, appellant maintains that the investigation is unauthorized, because, although a complaint has been filed by a member of the union, the complaining member failed to meet the requirements of Section 402 with respect to exhaustion of internal remedies and the three months period had not elapsed at the time the subpoena was issued.

If the Secretary has a general power of investigation under Section 601, it is, of course, irrelevant whether the complaining member met the requirements of Section 402, and, indeed, whether or not any individual complaint was filed with the Secretary. Thus the issue

raised by appellant is whether investigation under Section 601 of violation of the *statutory regulation of elections is* limited to those violations which are complained of by an individual member of the union.

Our initial consideration of this problem leads to the conclusion that no reason is made to appear why Congress could have chosen to exempt union elections from the broad reach of the Secretary's investigatory powers. The concern of Congress with the operation of the democratic process within unions is strikingly reflected by the extensive regulation of elections which is imposed by Title IV. No suggestion is made that any Congressional purpose would have been served by giving the Secretary the broadest authority to initiate investigations in other fields of particular interest while circumscribing that authority in the field of elections.

Certainly the language of § 601 suggests no limitation on the Secretary's power with respect to Title IV. Quite to the contrary the wording of the statute strongly supports the view that the Secretary has the power which he now seeks to exercise. He is authorized to proceed whenever he believes that "any provision" of the Act has been or is about to be violated. The exceptions to this power are expressly listed: "except Title I or amendments made by this Act to other statutes". Title IV is not listed as an exception.

 No conflict is created by reading Section 402 and Section 601 together. Section 402 provides for the Secretary's instituting an action in the courts in behalf of an individual who has complained of a violation of Title IV. Section 601 provides that the Secretary shall "determine the facts relative" to a violation or threatened violation and that he may report the results of his investigation "to interested persons or officials." It may be that some or all of the limitations of

Section 402, such as the exhaustion of internal remedies, are relevant to the suit which that section authorizes; there is in Section 601 no similar limitation on the Secretary's power to investigate and report. Presumably the Secretary can bring an action only when a complaint has been filed by an individual member (Section 402). But he can investigate and report without such a complaint. The two sections of the statute can thus be read together and each be given full effect in complete harmony and without any trace of clashing purposes.

It would, of course, be completely fatuous to argue that the Secretary could use his full power to investigate under Section 601 if no individual complaint had been received, but that the filing of a complaint would serve to limit the investigation, and we do not understand appellant to advance such an argument. But the Secretary may believe that it is necessary to investigate a possible violation where there has been no individual complaint. And he may find such necessity where there has been a complaint which does not meet the requirements of Section 402. We find nothing in the language or structure of the statute, or in the Congressional purpose, which would inhibit investigation in either of these situations.

 Both parties have referred us extensively to the legislative history. Where the statute is clear and unambiguous, as we believe the provisions now under consideration to be, there is no occasion for resort to the legislative record. United States v. Public Utilities Comm'n, 345 U.S. 295, 315, 73 S.Ct. 706, 97 L.Ed. 1020 (1953); Ex parte Collett, 337 U.S. 55, 61, 69 S.Ct. 944, 93 L.Ed. 1207 (1949); Gemsco, Inc. v. Walling, 324 U.S. 244, 260, 65 S.Ct. 605, 89 L.Ed. 921 (1945). However a study of that record reveals nothing whatever which would throw any doubt on the conclusion we have reached.

Affirmed.