760 F.2d 440
 119 L.R.R.M. (BNA) 2190, 102 Lab.Cas. P 11,456
 Raymond J. DONOVAN, Secretary of Labor, United States
Department of Labor, Petitioner-Appellee,
v.
DISTRICT 1199, NEW YORK HEALTH AND HOSPITAL CARE EMPLOYEES,
RETAIL, WHOLESALE, DEPARTMENT STORE UNION,
AFL-CIO, Respondent-Appellant.
 No. 1011, Docket 85-6039.
 United States Court of Appeals,
Second Circuit.
 Argued March 25, 1985.
Decided April 23, 1985.
 
 Jerome Tauber, New York City (I. Philip Sipser, Sipser, Weinstock, Harper, Dorn & Leibowitz, New York City, of counsel), for respondent-appellant.
 Susan M. Campbell, Asst. U.S. Atty., New York City (Rudolph W. Giuliani, U.S. Atty., S.D.N.Y., Steven E. Obus, Asst. U.S. Atty., Alan L. Kammerman, Atty., Dept. of Labor, New York City, of counsel), for petitioner-appellee.
 Before MANSFIELD, OAKES and WINTER, Circuit Judges.
 PER CURIAM:
 
 
 1
 After receiving a complaint on August 31, 1984, of alleged illegalities in an election of union officers conducted by District 1199 in May 1984, the Department of Labor initiated an investigation pursuant to section 601(a) of the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C. Sec. 521(a) ("LMRDA"). The filing of the complaint commenced the running of the sixty-day statute of limitations period for the Department to bring suit to set aside the election under section 402(b) of the LMRDA, 29 U.S.C. Sec. 482(b). On September 8, 1984, and October 10, 1984, the union and the Department agreed, however, to toll the statute of limitations. Consequently, the parties agreed that suit to set aside the election must be brought before December 21, 1984.
 
 
 2
 In the interim, on October 17, 1984, however, the Department issued an administrative subpoena requiring the union to produce various original records concerning the election. The union timely objected to the subpoena in part. Nevertheless, the Department did not seek enforcement of the subpoena until January 22, 1985. At the enforcement proceeding, the United States District Court for the Southern District of New York, Thomas P. Griesa, Judge, rejected the union's claim that the subpoena was time barred under section 402. The union raises only this issue on appeal.
 
 
 3
 This court has previously held that the Department's authority to investigate under section 601 is not limited by the requirements for a suit to set aside the election under section 402. See Wirtz v. Local 191, International Brotherhood of Teamsters, 321 F.2d 445, 448 (2d Cir.1963).
 
 
 4
 The question becomes whether union non-compliance with the Secretary's subpoena tolls the statute of limitations. Two courts of appeals have held that the statute is tolled when the Secretary's ability to investigate is frustrated by the union's failure to comply with a subpoena. See Brennan v. Independent Lift Truck Builders Union, 490 F.2d 213, 216 (7th Cir.1974); Hodgson v. International Printing Pressmen & Assistants' Union, 440 F.2d 1113, 1118-19 (6th Cir.), cert. denied, 404 U.S. 828, 92 S.Ct. 63, 30 L.Ed.2d 56 (1971). We agree.
 
 
 5
 This is not to say, however, that we agree that any objection tolls the statute for as long as the Government takes to respond. Congress clearly intended that the Government resolve these disputes quickly. Thus, in a case where the Government delays action for months unreasonably before seeking enforcement, tolling the statute would conflict with Congress's explicit concern about promptness. As for the agreements between the Secretary and the union to extend the statutory deadline, they were entered into before the issuance of the subpoena and were not specific enough to forestall equitable tolling.
 
 
 6
 Judgment affirmed.